**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John DOE, Defendant-Appellant.**

**No. 83–5686.**

United States Court of Appeals, Eleventh Circuit.

Dec. 4, 1984.

Michael J. Dissette, Haverford, Pa., for defendant-appellant.

Daniel J. Cassidy, Linda Collins-Hertz, David O. Leiwant, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT and FAY, Circuit Judges, and ALLGOOD *, District Judge.

PER CURIAM:

In this case, we determine whether 18 U.S.C.A. § 5021(a) (West Supp.1984), a provision of the Federal Youth Corrections Act (Act), entitles a youthful offender, who received an early unconditional discharge, to destruction of the records concerning arrest, conviction, and sentencing. We affirm the district court's holding that section 5021(a) does not mandate the destruction of a youthful offender's conviction and arrest records.

In 1978, appellant, John Doe, pleaded guilty to various drug violations in Florida and Massachusetts. The District Court for the Southern District of Florida sentenced Doe to treatment and supervision pursuant to the Act. The District Court for the District of Massachusetts sentenced Doe to confinement under the Act and provided that its sentence run concurrently with the sentence imposed in Florida.

Doe was incarcerated on February 19, 1979, and on June 17, 1980, he began a pre-release program. On October 6, 1980, he was paroled from the pre-release program, and on November 24, 1982, Doe was unconditionally discharged from probation. Pursuant to section 5021(a), Doe's conviction was set aside and he was issued a certificate to that effect. Subsequently, Doe petitioned the District Court for the Southern District of Florida to have the records of his arrest, conviction, and sentencing expunged. The district court denied Doe's petition, and Doe appeals.

█ Title 18 U.S.C.A. § 5021(a) provides that "[u]pon the unconditional discharge by the Commission of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the Commission shall issue to the youth offender a certificate to that effect." Doe contends that this statutory provision man-

dates the destruction of his arrest and conviction records.

In *United States. v. Doe,* 732 F.2d 229 (1st Cir.1984), the First Circuit held that section 5021(a) did not provide for the destruction, segregation, or sealing of an arrest record. *Doe,* 732 F.2d at 230. The District of Columbia Circuit agrees with the First Circuit. *See Doe v. Webster,* 606 F.2d 1226, 1230 (D.C.Cir.1979).

We also agree that section 5021(a) does not provide for the destruction, segregation, or sealing of an arrest record. If Congress intended section 5021(a) to provide for the destruction of the arrest record, it would have provided such language in the statute.

Doe also contends that section 5021(a) entitles him to have the record of his conviction destroyed. The circuit courts have disagreed on whether section 5021(a) mandates destruction of a conviction record. The First, Sixth, and Eighth Circuits have held that a youthful offender is not entitled to have his conviction record expunged pursuant to section 5021(a). *See Doe,* 732 F.2d 230–32; *United States v. Doe,* 556 F.2d 391, 392–93 (6th Cir.1977); *United States v. McMains,* 540 F.2d 387, 389 (8th Cir. 1976). The District of Columbia Circuit and the Tenth Circuit have indicated that section 5021(a) mandates segregation and sealing of a youthful offender's conviction record. *See Watts v. Hadden,* 651 F.2d 1354 n. 3 (10th Cir.1981); *Doe v. Webster,* 606 F.2d 1226, 1232–44 (D.C.Cir.1979). We interpret the legislative history of the statute to resolve this conflict among the circuits.

The legislative history of the Act reveals that section 5021(a) "was not contemplated as a method of concealing the fact of conviction from employers, but rather as a way of opening up job opportunities to youth offenders in positions which, for reasons of company policy, government regulation, or otherwise, would not be available for ex-convicts." *Doe,* 732 F.2d at 231.

---

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

Since concealment of the conviction was not a basis for the Act, no rationale justifies the destruction of the conviction record. We, therefore, agree with the First Circuit and hold that section 5021(a) does not require destruction of the conviction record.

Doe also contends that his excellent record of rehabilitation presents an appropriate case for the exercise of the district court's equitable powers to expunge his record. Doe, however, fails to argue that the district court abused its discretion in denying the relief requested, and therefore, we must affirm the district court's decision.

AFFIRMED.