**John Elkin CASTANO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 91–5031.**

United States Court of Appeals, Eleventh Circuit.

March 17, 1992.

Robert M. Duboff, Teofilo Chapa, P.A., Miami, Fla., for John Elkin Castano.

Donald Couvillon, Civ. Div., Dept. of Justice, Washington, D.C., for I.N.S.

Before KRAVITCH, Circuit Judge, HILL * and SMITH **, Senior Circuit Judges.

HILL, Senior Circuit Judge:

In this case we decide whether an alien may be denied admission to the United States under § 212(a)(23)(B) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(a)(23)(B), as one whom the Immigration and Naturalization Service ("INS") knows or has reason to believe has trafficked in illegal drugs, when the denial is based upon facts underlying a prior conviction for drug trafficking which was expunged pursuant to the Federal Youth Corrections Act (FYCA), 18 U.S.C. § 5021(a). We AFFIRM the Board of Immigration Appeals' (BIA's) ruling that denial of admission pursuant to 8 U.S.C. § 1182(a)(23)(B) may be based upon the facts underlying an expunged conviction.

Petitioner entered this country in 1981 on a six month visa. Four months later he was indicted on cocaine distribution charges. Three years later, in 1984, he pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. Petitioner was sentenced under the FYCA to a probationary term. In March of 1985, he was found deportable as an overstay. In May of 1985, his probationary term was terminated and his conviction was expunged pursuant to the FYCA.

Petitioner, who in the meantime had married a United States citizen, requested that his immigration status be adjusted to permanent residency. The immigration judge declined, and ruled petitioner was an inadmissable alien under § 212(a)(23)(B) of the INA.[1] Section 212(a)(23)(B) renders inadmissible any alien who an immigration officer or consular official "know[s] or [has] reason to believe is or has been an illicit trafficker in any ... controlled substance," or has assisted others in the trafficking of any controlled substance. In ruling that petitioner was inadmissable, the immigration judge relied on the facts underlying the petitioner's 1984 conviction, which had been expunged, and the record of petitioner's conviction.[2]

The BIA panel, one judge dissenting, upheld the immigration judge's Order. The Appeals Board ruled that the immigration judge could properly rely on the facts underlying the petitioner's 1984 conviction, though not the conviction itself, in denying admission to the United States, despite the fact that the conviction had been expunged.[3]

On appeal, petitioner argues that the expunction of a conviction under the FYCA is intended to give youthful offenders the opportunity to atone for their previous indiscretions and begin anew.[4] From

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. Even though petitioner was present in this country, he was treated as being denied admission to the United States. Petitioner sought an adjustment of his status under INA § 245(a), 8 U.S.C. § 1255(a), the stateside equivalent of being issued a visa by a consular official abroad and being admitted to this country as an immigrant. In order to be eligible for an adjustment, an alien must be otherwise admissible.

2. The immigration judge granted petitioner's request to voluntarily depart the United States. The Appeals Board vacated the immigration judge's allowance of voluntary departure as improperly granted. Petitioner carried the burden of establishing both his statutory eligibility and moral worthiness for voluntary departure. *See Matter of Seda*, 17 I. & N. Dec. 550, 554 (BIA 1980). While the expunged conviction could not be the basis for disallowance, the extrinsic evidence underlying the conviction rendered petitioner statutorily ineligible for voluntary departure as a person lacking in good moral character. *See* INA §§ 101(f)(3), 244(e).

3. The Appeals Board ruled that the inclusion of petitioner's criminal record in the record before the immigration judge was improper, though harmless, error as sufficient evidence independent of the record was introduced to sustain the immigration judge's ruling.

4. In implementing the Comprehensive Crime Control Act of 1984, Pub.L. 98–473, 98 Stat. 1837, 2031 (1984), Congress repealed the FYCA. However, since petitioner was sentenced under the FYCA, we decide this case thereunder.

this, petitioner argues, it follows that the facts underlying his expunged conviction should not have been allowed to provide the foundation for the denial of his admission to the United States. The Immigration Board has previously ruled that convictions expunged under the FYCA may not be considered in deportation proceedings. *See Matter of Zingis*, 14 I. & N. Dec. 621 (BIA 1974). Petitioner argues that the same result should obtain in admissability decisions. By allowing the facts underlying the expunged conviction to be considered on the issue of whether petitioner should be admitted into the United States, petitioner argues the Board has thwarted Congressional intent underlying the FYCA.

■ The BIA's finding that petitioner is ineligible for an adjustment of status is subject to appellate review for errors of law. *Kahlenberg v. Immigration and Naturalization Service*, 763 F.2d 1346, 1349 (11th Cir.1985). The BIA's interpretation of agency regulations merits great deference and controls unless plainly erroneous or inconsistent with the regulation. *United States v. Larionoff*, 431 U.S. 864, 872, 97 S.Ct. 2150, 2155, 53 L.Ed.2d 48 (1977). There are no facts in dispute and it is clear that unless the INS is precluded from considering those facts by operation of the FYCA, petitioner is properly found inadmissible to this country.

We note initially that Section 212(a)(23)(B) does not require conviction in order to deny an alien admission to the United States. *See Matter of Favela*, 16 I. & N. Dec. 753, 756 (BIA 1979). An entirely separate provision of the INA provides that those who stand convicted of trafficking in narcotics will not be admitted to this country. *See* INA § 212(a)(23)(A), 8 U.S.C. § 1182(a)(23)(A). To allow an expunged conviction to stand as the foundation for denying an alien admission under INA

§ 212(a)(23)(A), the statutory provision that excludes aliens solely because of a conviction, may run counter to the Congressional intent behind the FYCA. However, as this question is not presently before us, we do not decide it here.

■ The INA provision presently before us, § 212(a)(23)(B), does not exclude only those aliens who have been convicted. Under § 212(a)(23)(B), it is not necessary that an alien seeking admission have been convicted, or even arrested or investigated for drug trafficking in order to be inadmissable, the alien may be denied admission if officials "know or have reason to believe" that the alien has trafficked in drugs.[5] The BIA has concluded that the Congressional intent underlying section 212(a)(23)(B) was to provide a means for excluding known dealers of narcotics who, by avoiding conviction, had not otherwise been rendered inadmissable under section 212(a)(23)(A). *See In re P–*, 5 I. & N. Dec. 190, 193 (BIA 1953). The plain language of section 212(a)(23)(B) speaks of those applicants who immigration officials know, or have reason to believe, are or have been trafficking in narcotics. If credible evidence is presented to show knowledge or a reasonable belief that an individual has trafficked in drugs, the requirements of § 212(a)(23)(B) have been satisfied. If sufficient evidence shows such facts, an adjustment may properly be denied. *See Gambino v. Immigration & Naturalization Service*, 419 F.2d 1355, 1358 (2nd Cir.), *cert. denied*, 399 U.S. 905, 90 S.Ct. 2195, 26 L.Ed.2d 559 (1970). Because petitioner has pleaded guilty to cocaine trafficking, it logically follows that immigration officials do not merely have reason to believe he has trafficked in narcotics, they have reason to *know* he has done so. INS did not rely upon the conviction; witnesses to the facts were heard.[6]

---

**5.** We note that much of the case law relied upon by petitioner stands for the proposition that an expunged conviction may not provide the foundation for deportation. Deportation and admissibility, however, are two distinct issues.

**6.** In addition to petitioner's guilty plea, the Immigration Service also introduced lengthy evidence, both documentary and testimonial, on the facts underlying the conviction. The BIA found that the Immigration Service, in effect, "retried" the petitioner's criminal case in his admissibility hearing on the issue of whether petitioner was inadmissible pursuant to § 212(a)(23)(B).

We have previously ruled that an expunction under section 5021(a) does not entitle its recipient to the destruction, segregation, or sealing of his arrest record or to the destruction of the record of his conviction. *See United States v. Doe*, 747 F.2d 1358, 1359 (11th Cir.1984). In so ruling, we relied on legislative history to conclude that in enacting the FYCA and providing for expunction, Congress did not intend to conceal the fact of a conviction. *Doe*, 747 F.2d at 1359, 1360 ("[S]ection 5021(a) was not contemplated as a method of concealing the fact of conviction from employers, but rather as a way of opening up job opportunities to youth offenders in positions which, for reasons of company policy, government regulation, or otherwise, would not be available for ex-convicts" (citation omitted)).

■ This reasoning is applicable in the instant case. Because expunction does not entitle its recipient to the concealment of a conviction, neither does it conceal the facts underlying a conviction. Expunction means that *the conviction itself* will not stand as an impediment to a youthful offender in the future. We conclude that expunction does not entitle petitioner to secret the fact of his conviction, or the facts underlying that conviction, from immigration officials. The facts underlying an expunged conviction may properly provide the basis for the denial of admission to an alien under section 212(a)(23)(B) as one known or reasonably believed to be a trafficker in narcotics. The factual basis of petitioner's conviction was properly allowed into evidence on the issue of petitioner's admissability to the United States.

To hold otherwise would mean that *conviction* of a drug trafficker could—potentially—*improve* his or her immigration status over the situation obtaining before conviction. If all of the facts presently before us were the same with the exception that petitioner had never been arrested, pleaded guilty, or been sentenced under the FYCA, it would be undisputed that the factual basis for immigration officials' reasonable belief that petitioner was trafficking in drugs would be admissible. We conclude

that conviction and sentencing under the FYCA ought not actually *improve* petitioner's immigration status by disallowing the admission of the factual basis merely because of the invocation of the FYCA. Such a result would exceed Congressional intent by concealing not only the fact of a conviction which had been expunged, but also the facts relating to the conduct of the person under consideration for immigration into this country.

For the foregoing reasons, the ruling of the Board of Immigration Appeals is

AFFIRMED.