**UNITED STATES of America, Plaintiff,**

v.

**Lasalle N. WALDRIP and Roderick S. Pipes, Defendants.**

**No. 4:CR95–3031.**

United States District Court,
D. Nebraska.

Dec. 2, 1996.

Richard E. Rothrock, Special Assistant U.S. Attorney, Lincoln, NE, for Plaintiff.

David R. Stickman, Federal Public Defender, Omaha, NE, for Defendant Lasalle N. Waldrip.

John Stevens Berry, Berry, Kelley, Hansen & Burt, Lincoln, NE, for Defendant Roderick S. Pipes.

## MEMORANDUM AND ORDER

KOPF, District Judge.

Lasalle N. Waldrip (Waldrip) moves to compel the government to file a motion for downward departure. He contends that he has cooperated with the government, provided substantial assistance to the government, and the government's refusal to file the motion is either irrational or premised upon some invidious motive (filing 93). He also requests an evidentiary hearing on this motion (filing 98). Roderick S. Pipes (Pipes) orally joined in Waldrip's motion, and he also filed a motion for an evidentiary hearing (filing 101). I will deny the motions.

### I. Background

I directed Waldrip, Pipes and the government to submit affidavits and briefs addressing, among other things, whether the defendants had made a substantial preliminary showing justifying an evidentiary hearing on these claims. Waldrip (filing 99), Pipes (filing 102) and the government (filings 103 & 104) have submitted affidavits, and the parties have also submitted briefs.

### A. Defense Affidavits

Waldrip makes various factual assertions in an affidavit submitted by his counsel (filing 99). I will summarize these assertions next.

According to the affidavit, Waldrip entered a plea agreement with the government and

cooperated with the government by participating in interviews with law enforcement officers in Nebraska and Oklahoma. Specifically, Waldrip gave an interview on April 10, 1996, to an FBI agent regarding an investigation of Akale Green and others in Oklahoma. At that time the FBI agent told Waldrip and his counsel that Waldrip's information appeared to be corroborated and apparently truthful.

On July 3, 1996, the government initiated a prosecution against Green in Oklahoma and provided Green's counsel with police reports regarding the prosecution of Waldrip in Nebraska. In May of 1996 the prosecutor in Oklahoma wrote counsel for Waldrip. She requested that sentencing of Waldrip be postponed so that Waldrip could testify against Green in September of 1996.

On July 31, 1996, Green reached a plea agreement with the government in which he agreed to cooperate. In September of 1996 the federal prosecutor in Oklahoma concluded that Waldrip was not being truthful while Green's information was apparently truthful. The information that Waldrip provided to the government would have been sufficient to start prosecutions of Green and Cheryl Tucker in Nebraska. Waldrip's counsel has information that shows that Green was involved in the distribution of crack cocaine in three states other than Nebraska, and that Green recruited individuals to sell crack in Nebraska. The United States Attorney for the District of Nebraska has been provided with information that Green and Tucker lied to police during a traffic stop in Utah.

Other than the fact that Green was prosecuted in Oklahoma and the fact that prosecutors did not believe Waldrip, defense counsel has not been given any reason for the failure to prosecute Green and Tucker in Nebraska. Nor has defense counsel been given any reason why the government has refused to file a motion for departure here except for the fact that the prosecutors do not believe Waldrip.

Pipes too has submitted the affidavit of his counsel. (Filing 102). In all important respects the affidavit for Pipes is the same as the affidavit for Waldrip except that it establishes that Pipes cooperated in the same manner as Waldrip and Pipes received the same treatment from the government.

The affidavit further suggests that prior to the plea agreement being signed, Pipes and his lawyer told the government that the only persons he had knowledge about were Waldrip, Green and Tucker. Nevertheless, the affidavit asserts that a Nebraska Assistant United States Attorney (other than the prosecutor now assigned to this case) "gave his assurance that if helpful information was provided" then "a downward departure" motion under the Guidelines and the statute would be made. (Filing 102 ¶ 5.)

## B. Government's Affidavits

The government has responded to the defendants' factual allegations. In affidavits submitted by the prosecutor (filings 103 & 104), the government's lawyer admits that Waldrip and Pipes cooperated with the government, but states that prosecutors and investigators in Oklahoma concluded that Waldrip and Pipes were not completely honest with them. Accordingly, the Nebraska prosecutor declined to file the departure motion.

In support of these assertions the prosecutor has attached a letter from the government's lawyer in Oklahoma. This letter confirms what the Nebraska prosecutor stated in his affidavit; that is, "based upon the totality of the investigation," it was the opinion of the prosecutors and investigators in Oklahoma that "the information was not completely correct and Waldrip and Pipes were not being altogether truthful and forthcoming in their debriefing." (Filings 103 & 104, Ex. A.) Therefore, the prosecutors and investigators in Oklahoma refused to recommend a departure motion. (*Id.*)

Government's counsel also states that upon receipt of the defense motions and affidavits, he again contacted government's counsel in Oklahoma and the FBI agent who interviewed Waldrip and Pipes. The Nebraska prosecutor informed the Oklahoma prosecutors and the FBI agent of the contents of the motions and affidavits. He was "advised that the United States Attorney's Office for the Western District of Oklahoma[ ] stands by the decision to not sponsor a motion to depart for the reasons that the defendant[s]

[were] not truthful and did not provide substantial assistance." (Filings 103 & 104 ¶ 6.)

## C. The Pleas

The plea agreements in this case do not promise that the government would file a motion for downward departure if the defendants cooperated. Rather, the plea agreements promise only that "[a]ny cooperation provided by you will be considered by the government under Sentencing Guideline § 5K1.1 and 18 U.S.C. § 3553(e)." (Sealed Filings 68 & 72 (Attached Letter at 2 ¶ 5B).) It was an explicit requirement of the plea agreements that the defendants "completely and truthfully answer all questions." (*Id.* at 1 ¶ 2.) The plea agreements further provide that "[n]o promises, agreements, or conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties." (*Id.* at 3 ¶ 13.) These are standard provisions in many if not all of the plea agreements that are reached in this district.

At the time Defendants tendered their guilty pleas here, both of them told me that: (1) before they signed the plea agreements they consulted their lawyers about the plea agreements; (2) they read the plea agreement or had the agreement read to them; (3) they understood the plea agreement; and (4) no promises had been made that were not set out in the plea agreements (sealed filing 69 at 19:5–25; 20:1–25; 21:1–8 (Pipes); sealed filing 73 at 16:9–25; 17:9–25; 18:1–25 (Waldrip)). In addition, each defendant confirmed in a written petition to enter a plea of guilty that no promises had been made except as set forth in the plea agreements. (Sealed Filings 68 (Pipes) & 72 (Waldrip) ¶¶ 37 & 38 at 7.)

## II. Discussion

■ First, the plea agreements did not require the government to file a motion for downward departure merely because the defendants cooperated with the government. Moreover, the defendants were given no oral assurances that survived the integration clause of the plea agreements that the government would file departure motions if the defendants cooperated. In contrast, the government promised only to "consider" whether such cooperation warranted a departure under the Guidelines or the statute. Therefore, there is no issue about whether the government waived the right to exercise its discretion. *See, e.g., United States v. Stockdall,* 45 F.3d 1257, 1260 (8th Cir.1995) (construing terms of plea agreement and concluding that government retained full discretion whether to file a motion for departure under the statute or Guidelines).

■ Second, since the government retained its discretionary authority, the only question before the court is whether to hold an evidentiary hearing to decide factually if the government's refusal to file the motions was based upon an unconstitutional motive (such as racial prejudice) or the refusal was irrational (in that the refusal did not serve a legitimate governmental interest). If Defendants have failed to make a "substantial threshold showing," then I must dismiss the motions to compel without a hearing because absent a convincing factual showing of an improper motive or irrationality, the law requires me to presume that the government acted lawfully. *Wade v. United States,* 504 U.S. 181, 186–87, 112 S.Ct. 1840, 1844, 118 L.Ed.2d 524 (1992) ("It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive.... Wade would be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate Government end, but ... because the record shows no support for his claim ... [the] claim as presented to the District Court failed to rise to the level warranting judicial enquiry.") (Citations omitted.) On the other hand, if the defendants have made a "substantial threshold showing," then I must hold an evidentiary hearing, resolve the factual disputes regarding motive or irrationality, and then decide the merits of the claims. *Id.*

■ Third, to make a "substantial threshold showing" that a prosecutor's refusal to file a motion for downward departure is improperly motivated or irrational, a defendant must present reliable information, not "bare assertion[s]," that "raise a genuine issue" of

fact. *United States v. Romsey,* 975 F.2d 556, 558 (8th Cir.1992) (denying claim that failure to file motion for departure was based upon arbitrary policy of the United States Attorney and holding that district court properly refused to hold an evidentiary hearing). This standard is well known in other contexts. *Franks v. Delaware,* 438 U.S. 154, 170–71, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978) (to make a "sensible threshold showing" of the need for an evidentiary hearing in a challenge to the integrity of a search warrant affidavit, the moving party must present "[a]ffidavits or sworn or otherwise reliable statements of witnesses ... or their absence satisfactorily explained.")

Fourth, here there is nothing but "bare assertions" supporting the claim of unconstitutional motive. Therefore, I reject this portion of the defendants' claim without elaboration.

■ Fifth, the defendants have presented factual information from their lawyers, who personally conferred with an FBI agent, which suggests that once the agent believed the defendants had provided useful and truthful information about Green and that this information contributed, at least in part, to Green's prosecution. Thus, the defendants have presented some reliable information regarding their claim that the failure to file the motions was irrational, and I must not therefore reject their claim out-of-hand. As a result, the question then becomes whether this information is sufficiently "substantial" to justify a hearing.

Sixth, if I take *every* factual assertion of the defendants (as opposed to conclusions), and considering the government's affidavits, the information presented is insufficient to warrant a hearing or relief. Giving the defendants the benefit of the doubt, the affidavits establish only that Oklahoma investigators and prosecutors once believed the defendants, and later, after Green began to cooperate because of the assistance of the defendants, the authorities came to the conclusion that the defendants had been untruthful, while Green had been honest.[1]

It is rational for prosecutors and investigators to believe one cooperating drug dealer and disbelieve others. It is also perfectly rational to believe a cooperating individual at one point in the investigation and to disbelieve that same individual at a later point in the investigation after another cooperator has provided additional but contradictory information. It is also rational for a prosecutor to conclude that a person who cooperates has not provided "substantial" assistance if that person has given false or misleading information, although some information provided by the informant may have been truthful and may have helped the government. This is a classic "cost-benefit" judgment that is normally the sole prerogative of the executive branch of our government. *Wade,* 504 U.S. at 187, 112 S.Ct. at 1844 (the fact that the defendant assisted the government is not enough to warrant a hearing because the "Government's decision not to move may have been based ... simply on its rational assessment of the cost and benefit that would flow from moving.") (Citations omitted). In sum, the fact that these authorities ultimately disbelieved the defendants and therefore chose not to rely upon them is no evidence of irrationality.

■ Seventh, while the defendants fault the government for failing to explain the specific reasons for disbelieving them, it is Defendants' burden, not the government's, to make a "substantial" showing that the departure decision was irrational. Normally the general statement of a prosecutor or law enforcement officer that a defendant was unbelievable or unreliable is a sufficient reason to deny a defense motion to compel the government to file a motion for downward departure. *United States v. Nicolace,* 90 F.3d 255, 259 (8th Cir.1996) (holding that it was not error to deny a motion for an evidentiary hearing regarding a defense motion to compel the government to file a departure motion where, among other things, "the FBI questioned [the defendant's] candor....."). *See also United States v. Johnigan,* 90 F.3d

---

**1.** The fact that Green lied to traffic police in Utah *before* he began to cooperate is meaningless in    this context.

1332, 1339 (8th Cir.1996) (the defendant was not entitled to reduction of the sentence for substantial assistance where, among other things, the prosecutor told the district judge that "the assistance ... turned out to be unreliable.")

This is a sensible general principle. The decision of a presumptively honest prosecutor or law enforcement officer about whether to believe or disbelieve a cooperating criminal frequently turns on subjective factors and contradictory information that cannot easily and honestly be refined to anything more than a statement of belief or disbelief. Consequently, the government's general, rather than specific, sworn explanation of disbelief is no reason to hold an evidentiary hearing or to grant Defendants the remedy they seek, absent an additional compelling factor. No such compelling factor exists here.

Accordingly,

IT IS ORDERED that the motions (filings 93, 98, 101) for an evidentiary hearing and to compel the government to file departure motions are denied.