United States Court of Appeals,

Eleventh Circuit.

No. 96-4459

Non-Argument Calendar.

Steven Gregory GASS, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

April 7, 1997.

Appeal from the United States District Court for the Southern District of Florida. (Nos. 95-6612-Civ-JAG, 91--6004-Cr-JAG), Jose A. Gonzalez, Jr., District Judge.

Before BIRCH and CARNES, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

In this appeal, we will decide the following question: whether a district court may rely on a defendant's prior conviction and sentence, which has been set aside under the Federal Youth Corrections Act, 18 U.S.C. § 5021 (1976) (repealed 1984) ("FYCA"), to increase a defendant's criminal history score. We answer this question in the affirmative.

Appellant Steven Gregory Gass ("Gass"), pled guilty to eight counts of bank robbery in violation of 18 U.S.C. § 2113(a). Based upon two prior bank robbery convictions and their corresponding three criminal history points, Gass' presentence report assigned him a criminal history category of two. At Gass' sentencing, neither Gass nor his counsel objected to a criminal history category of two. In accordance with the recommended criminal history category of two and the relevant offense level, Gass fell within a sentencing range of seventy-eight to ninety-seven months.

The district court sentenced Gass to ninety-seven months.

Gass did not appeal his sentence, but did file a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (1994). In the motion, Gass contends that he should not have been assessed three criminal history points for the prior bank robbery convictions because the FYCA set aside and "expunged" those convictions. Without the three criminal history points, Gass criminal history category would have been one, resulting in a lesser sentence.

In the government's response to Gass' motion, the government raised two reasons why Gass' motion should be denied. First, the government argues that Gass is procedurally barred from raising the FYCA claim because he failed to raise the claim at sentencing or on direct appeal. Second, Gass' FYCA argument is without merit because the prior bank robbery convictions had not been expunged, but only set aside.

In an "amended" § 2255 motion, Gass, again pro se, added an ineffective assistance of counsel claim to his FYCA claim. Gass contends that his counsel was ineffective in failing to object to the Court's consideration of his prior convictions in calculating his criminal history category. According to Gass, he informed his counsel several times of the FYCA and its effect on his criminal history level, but Gass' counsel refused to raise the issue.

The Magistrate Judge, relying on *United States v. Ashburn,* 20 F.3d 1336, 1343 (5th Cir.), *portion of opinion reinstated on rehearing en banc,* 38 F.3d 803, 807 n. 11 (5th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 1969, 131 L.Ed.2d 858 (1995)

(convictions set aside under FYCA can be considered in computing criminal history points), issued a Report and Recommendation recommending that Gass' motion be denied. Gass timely filed objections to the Magistrate Judge's Report and Recommendation. The district court overruled Gass' objections, adopted the Magistrate Judge's Report and denied Gass' § 2255 motion. Gass timely appealed the district court's denial.

On appeal, both Gass and the government reiterate the arguments advanced before the Magistrate Judge and the district court.[1] In either the government's position that Gass is procedurally barred from asserting his FYCA claim or Gass' ineffective assistance of counsel argument, this Court must consider whether Gass suffered any prejudice from failing to raise the FYCA issue before the district court. *United States v. Frady,* 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594-95, 71 L.Ed.2d 816 (1982) (in collateral relief case defendant must show actual prejudice); *Thompson v. Wainwright,* 784 F.2d 1103, 1105 (11th Cir.1986) (ineffective assistance of counsel case requiring prejudice). A finding that Gass' FYCA argument is legally without merit, would demonstrate that Gass did not suffer any prejudice and that the district court was legally correct in denying Gass' motion. In addition, because the issue is one of first impression in this Circuit, we believe it warrants discussion.

---

[1]Gass also argues that the district court erred in not conducting an evidentiary hearing. However, because Gass' FYCA claim is "insufficient to establish a claim for relief under section 2255, the district court did not err in denying [his] motion without a hearing." *Cross v. United States,* 893 F.2d 1287, 1292 (11th Cir.), *cert. denied,* 498 U.S. 849, 111 S.Ct. 138, 112 L.Ed.2d 105 (1990).

The issue is whether a district court may rely on a defendant's prior sentence and conviction, which has been set aside under the FYCA, to increase a defendant's criminal history score.

Section 5021 of the FYCA states:

> (a) Upon the unconditional discharge by the Commission of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically **set aside** and the Commission shall issue to the youth offender a certificate to that effect.

18 U.S.C. § 5021(a) (1976) (repealed 1984) (emphasis added). Gass citing U.S.S.G. § 4A1.2(j), which provides in part that "[s]entences for expunged convictions are not counted," argues that his prior set aside bank robbery convictions cannot be counted in computing his criminal history score. Thus, central to our inquiry is "whether the **"set aside'** language in the [F]YCA means that the conviction is **"expunged'** as that term is defined in U.S.S.G. § 4A1.2(j)." *United States v. Ashburn,* 20 F.3d 1336, 1342 (5th Cir.), *portion of opinion reinstated on rehearing en banc,* 38 F.3d 803, 807 n. 11 (5th Cir.1994) (emphasis added). In other words, did Congress intend by utilizing the words "set aside" in § 5021(a) of the FYCA, to have conviction records expunged under U.S.S.G. § 4A1.2(j).

In *United States v. Doe,* 747 F.2d 1358 (11th Cir.1984) we addressed this very inquiry. In *Doe,* we held that under § 5021(a) of the FYCA, a defendant is not entitled to have his conviction record expunged or destroyed. *Id.* at 1359-40. We agree with this statement and reaffirm our holding in *Doe.* Gass is not entitled to have his prior bank robbery convictions which were set aside under the FYCA, expunged. Section 5021's "set aside" is not synonymous

with § 4A1.2(j)'s "expungement". We note that other circuits courts have similarly construed § 5021 and its relationship to the sentencing statute. *United States v. Nicolace,* 90 F.3d 255, 258 (8th Cir.1996); *United States v. Cox,* 83 F.3d 336, 340 (10th Cir.1996); *United States v. Cerverizzo,* 74 F.3d 629, 631 (5th Cir.1996); *United States v. Doe,* 556 F.2d 391, 393 (6th Cir.1977); *but see United States v. Doe,* 980 F.2d 876, 878 (3d Cir.1992); *United States v. Kammerdiener,* 945 F.2d 300, 301 (9th Cir.1991).

In accordance with this Court's decision in *United States v. Doe,* 747 F.2d 1358 (11th Cir.1984), we hold that a district court may rely on a defendant's prior sentence and conviction, which has been set aside under the FYCA, to increase a defendant's criminal history score. As the Fifth Circuit stated in *Ashburn:*

> The [F]YCA was designed to give the young defendant a new lease on life. Congress determined that a spontaneous, youthful transgression should not inhibit a person's evolution into productive citizenship. However, this beneficent offer of a "second chance" to the immature offender should not be available as a shield for those whose original encounter with the criminal world is used as a springboard to a life of felonious conduct.

*Ashburn,* 20 F.3d at 1343. The district court's denial of Gass' motion is AFFIRMED.