# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3998

_____

| | | |
|---|---|---|
| Johnson Bear Robe, | * | |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Larry Parker, in his official capacity as | * | Appeal from the United States |
| Bureau of Indian Affairs administrator | * | District Court for the |
| for Loneman School Corporation, | * | District of South Dakota. |
| | * | |
| Defendant/Appellee, | * | |
| | * | |
| Loneman School Corporation, a | * | |
| corporation chartered under the | * | |
| Oglala Sioux Tribe, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted:  October 15, 2001

Filed:  November 9, 2001

_____

Before WOLLMAN, Chief Judge, LAY, and RILEY, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Johnson Bear Robe sued the Loneman School Corporation and Larry Parker, in his official capacity as Bureau of Indian Affairs administrator for Loneman School Corporation, alleging wrongful termination. The district court[1] granted summary judgment to both defendants. Bear Robe appeals only the grant of summary judgment to the United States on behalf of Larry Parker. We affirm.

## I.

Bear Robe was convicted in federal court of voluntary manslaughter in 1975. Because Bear Robe was 20 years old at the time, the conviction was later set aside under the Federal Youth Corrections Act (FYCA), 18 U.S.C. § 5005-5026 (1982) (repealed 1984).

In 1991, Bear Robe began working for Loneman School Corporation as a bus driver, mechanic and transportation supervisor. Loneman School is a nonprofit corporation chartered by the Oglala Sioux Tribal Council and administered by the Loneman School Board. Because of various deficiencies, unrelated to this case, in the school board's operation of Loneman School, the Bureau of Indian Affairs (BIA) and the school board entered into a settlement agreement under which a BIA oversight administrator would supervise the school board's activities.

To address the problem of child abuse on Indian reservations, Congress in 1990 enacted the Indian Child Protection and Family Violence Prevention Act, 25 U.S.C. §§ 3201-10 (2001) (the Act). The Act requires each Indian tribal organization that receives funding under the Tribally Controlled Schools Act of 1988 to conduct investigations of each individual who is employed in a position that involves regular

---

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

contact with, or control over, Indian children. 25 U.S.C. § 3207(c)(1). Persons employed in such positions must meet the standards of character established by the tribal organization. 25 U.S.C. § 3207(c)(2). Those standards must include a provision prohibiting the employment of the following described persons:

> The minimum standards of character that are to be prescribed under this section shall ensure that none of the individuals appointed to positions [that involve regular contact with or control over Indian children] have been found guilty of, or entered a plea of nolo contendere or guilty to, any felonious offense, or any of two or more misdemeanor offenses, under Federal, State, or tribal law involving crimes of violence; sexual assault, molestation, exploitation, contact or prostitution; crimes against persons; or offenses committed against children. 25 U.S.C. § 3207(b).[2]

Because it receives federal funding under the Tribally Controlled Schools Act of 1988, Loneman School asked the BIA to conduct a background investigation on Bear Robe. The investigation uncovered Bear Robe's manslaughter conviction. Bear Robe was suspended and given a hearing before the school board. Although the school board desired to continue Bear Robe's employment in light of his long, successful employment at the school, the BIA oversight administrator required that Bear Robe be terminated. Accordingly, Bear Robe was terminated in April 1999.

Bear Robe filed this suit in June 1999, seeking declaratory and injunctive relief from his suspension and termination. The district court granted summary judgment to Loneman School on the basis of the Oglala Sioux Tribe's sovereign immunity, and

---

[2]As amended on December 27, 2000, by the Omnibus Indian Advancement Act of 2000, Pub.L. 106-568, sec. 814, 114 Stat. 2868, 2918. The amendment added the distinction between felony and misdemeanor convictions, and the phrase "or offenses committed against children."

to Parker on the basis of the provisions of the Act. Bear Robe appeals from only the latter ruling.

## II.

We review the district court's grant of summary judgment de novo. Henerey v. City of St. Charles, 200 F.3d 1128, 1131 (8th Cir. 1999). Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c).

Bear Robe argues that the BIA improperly ignored the regulations adopted pursuant to the Act, 25 C.F.R. §§ 63.1-63.9. He contends that 25 C.F.R. §§ 63.16(b) and 63.17(f) require, or at least allow, the school board to consider factors other than the mere fact of his conviction when deciding whether to retain him. Those sections provide that tribal organizations may conduct their own background checks covering the past five years, and they list various factors that are to be considered in evaluating past conduct. This argument is unavailing; however, in light of the plain language of 25 U.S.C. §§ 3207(b) and (c)(2) and 25 C.F.R. §§ 63.10(b), 63.12, and 63.19(a). The school board and the BIA may possess discretion in cases in which a background investigation reveals evidence of other bad character, such as a bad credit report or an arrest without conviction, but they have no discretion in the case of an employee who has been convicted of a crime of violence. Under the plain meaning of the Act and its implementing regulations, then, Bear Robe's conviction is an absolute bar to employment in a position that involves regular contact with Indian children, unless the fact that it was set aside under the FYCA removes it from the proscription contained within the Act.

We have held that the set aside provision of the FYCA is not equivalent to expungement of the record. United States v. McMains, 540 F.2d 387, 389 (8th Cir. 1976). Thus, the record of conviction is available and may be used in calculating a defendant's criminal history for sentencing. United States v. Nicolace, 90 F.3d 255, 258 (8th Cir. 1996). Although we recognize that the set aside provision of the FYCA was enacted to give youthful offenders a fresh start, see id. at 258, our precedents make clear that a set aside under the FYCA does not wipe the slate clean. See, e.g., id.; McMains, 540 F.2d at 389. Even those circuits that have held that the set aside provision provides a remedy akin to expungement hold that the conviction remains available to law enforcement. See, e.g., Doe v. Webster, 606 F.2d 1226, 1244 (D.C. Cir. 1979) (set aside conviction may only be accessed by law enforcement during a criminal investigation). Accordingly, we conclude that Bear Robe's conviction for voluntary manslaughter constitutes a bar to his continued employment in the position he held.

Although this result may seem harsh in light of Bear Robe's satisfactory conduct following the set aside of his conviction, Congress has adopted a bright line rule that persons who fall within the Act's proscriptions are not to be employed in positions that involve regular contact with children in federally funded Indian schools. See Delong v. Dept. of Health and Human Services, 264 F.3d 1334, 1342 (Fed. Cir. 2001). There is no exception in the statute for set-aside convictions.

Bear Robe argues that his termination is inappropriate because his probation officer told him that he need not inform potential employers about his set-aside conviction. Whether the probation officer's advice was legally correct is irrelevant, for the question before us is whether the school could continue to employ Bear Robe in a position that involves regular contact with Indian children once it became aware of his conviction.

The additional arguments Bear Robe raised at oral argument have no bearing on the question on which the district court granted summary judgment, and thus we need not address them.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.