**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Charles Anthony BIGGERT, Appellee.**

**No. 01–99–01071–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 27, 2000.

Louis Arthur Beaty, Austin, Carolann Mazza, Houston, for Appellant.

Henry S. Platts, Houston, for Appellee.

Panel consists of Justices MIRABAL, TAFT, and PRICE.*

## OPINION

MARGARET GARNER MIRABAL, Justice.

The Texas Department of Public Safety (DPS) appeals the trial court's determina-

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. The statute provides:

At any time, after the defendant has satisfactorily completed one-third of the original probationary period or two years of probation, whichever is the lesser, the period of probation may be reduced or terminated by the court. Upon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period *and shall discharge the defendant.* In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere, and the court has discharged the defendant hereunder, such court *may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or in-*

tion that Charles Anthony Biggert is eligible for a concealed handgun license under the "Concealed Handgun Act." Tex. Gov't Code Ann. §§ 411.171–411.208 (Vernon 1998 & Supp.2000). We reverse.

## Case Background

Biggert pled guilty to a December 23, 1976, theft of an automobile, a felony. The trial judge found Biggert guilty, and assessed his punishment at five years confinement, probated for five years. After Biggert successfully completed a portion of his probation (now community supervision), the court issued an order, entered October 5, 1978, that set aside the conviction and dismissed the charging instrument pursuant to article 42.12, section 7, of the Code of Criminal Procedure.[1] The trial court's order discharged Biggert as follows:

It appears to the Court, after considering the recommendation of the defendant's probation officer, and other matters and evidence to the effect that the defendant has satisfactorily fulfilled the conditions of probation during a period of over one-third of the original probationary period to which he was sentenced. Therefore, the period of probation is terminated.

---

*dictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense.*

(Emphasis added.)

This statute has been amended several times. The version that is applicable to this appeal is the version in place when Biggert's conviction was set aside; it is commonly referred to as article 42.12, *section 7. See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, art. 42.12, § 7, 1965 Tex. Gen. Laws 317, 492. The current version is article 42.12, *section 20(a). See* Tex.Code Crim. P. Ann. art. 42.12, § 20(a) (Vernon Supp. 2000).

It is therefore the order of the Court that the defendant be and he is hereby permitted to withdraw his plea of guilty, the indictment against defendant be and the same is hereby dismissed and the Judgment of Conviction be hereby set aside as provided by law.

Nearly 20 years later, Biggert applied for a concealed handgun license with the DPS. On May 15, 1998, the DPS denied Biggert's application because he had been "convicted" of a felony. *See* TEX. GOV'T CODE ANN. § 411.172(a)(3) (Vernon 1998) (providing that a person is ineligible for a license if "convicted of a felony"). Biggert appealed the DPS's ruling to the justice court, which ruled against the DPS. The DPS then appealed to the county court, which ruled against the DPS and ordered the DPS to issue Biggert a license. The DPS now appeals the county court's ruling.

The parties dispute (1) whether this Court has subject matter jurisdiction over this appeal, and (2) whether Biggert has been "convicted" in a manner that disqualifies him from obtaining a concealed handgun license.

### Jurisdiction

■ Biggert asserts that we lack jurisdiction over this appeal. The Texas Supreme Court has recently ruled, in a case directly on point, that because the amount in controversy in a case such as this exceeds the jurisdictional minimum of $100, courts of appeals have jurisdiction of these types of appeals. *Tune v. Texas Dep't of Pub. Safety,* 43 Tex. Sup.Ct. J. 1029, 1031 (Tex. July 6, 2000).[2] Thus, Biggert's attack on our jurisdiction is overruled.

### Conviction

■ In a sole point of error, the DPS asserts Biggert is not eligible for a concealed handgun license because he was "convicted" of a felony within the meaning of the Concealed Handgun Act. The DPS

2. We note that, under DPS regulations, a concealed handgun license applicant must tender a $140 nonrefundable fee with the applica-

is correct. *See Tune,* 43 Tex. Sup.Ct. J. at 1032. Accordingly, we sustain the point of error.

We reverse the trial court's judgment and render judgment for the DPS that Biggert is not eligible for a concealed handgun license.

tion, 37 TEX. ADMIN. CODE ANN. § 6.15(8) (1999), and there is no dispute about whether Biggert properly applied for the license.