## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

## William Robert LOEB, Appellee.

No. 03–03–00486–CV.

Court of Appeals of Texas, Austin.

June 10, 2004.

Rehearing Overruled July 15, 2004.

---

Jean H. O'Shaw, Austin, for Appellant.

Paula Salinas, Austin, for Appellee.

Before Justices B.A. SMITH, PATTERSON and PEMBERTON.

## OPINION

JAN P. PATTERSON, Justice.

This case of statutory construction requires us to determine whether the term "convicted" in the Texas concealed handgun license statute, *see* Tex. Gov't Code Ann. § 411.171(4) (West Supp.2004), encompasses a felony conviction that has been set aside under the Federal Youth Corrections Act ("YCA").[1] The Texas Department of Public Safety contends that the trial court erred in holding that appellee William Robert Loeb's set-aside conviction under the YCA was an "expungement by legislative design" and for that reason is excluded from the term "convicted" under the concealed handgun license statute. Because we find that "convicted" as defined in the concealed handgun license statute encompasses a set-aside conviction under the YCA, we reverse the decision of the trial court and render judgment that Loeb is ineligible to obtain a concealed handgun license.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are not in dispute. In 1981, Loeb, at age 19, obtained through the mail a driver's license with his photograph and someone else's name. In 1983, Loeb was indicted for and pleaded guilty

---

1. *See* Act of Sept. 30, 1950, ch. 1115, § 2, 64 Stat. 1089; *amended by* Act of Oct. 3, 1961, Pub.L. 87–336, 75 Stat. 750; *amended by* Act of Mar. 15, 1976, Pub.L. 94–233, § 9, 90 Stat. 232 (codified as 18 U.S.C. § 5021) (repealed 1984) (allowing for the "set aside" of a conviction) [hereinafter "18 U.S.C. § 5021"].

to the federal felony offense of mail fraud. *See* 18 U.S.C.A. § 1341 (West Supp.2003). The federal court suspended imposition of sentence and placed Loeb on two years' probation under the YCA, beginning in October 1983.[2] The YCA was repealed in its entirety in 1984. In June 1985, before the probationary period expired, the court, as allowed by the terms of the YCA, discharged Loeb from probation, set aside his conviction, and issued a certificate of vacation of conviction. *See* 18 U.S.C. § 5021(b) (repealed 1984). The set-aside provision stated:

> Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by ·the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

*Id.* The statute did not provide for the removal or destruction of records.

In 2001, Loeb applied to the Department for a license to carry a concealed handgun. As part of his application, he averred in an affidavit that he had not been convicted of a felony. The Department denied the application on the ground that Loeb had been convicted of a felony because his criminal history record listed the conviction for mail fraud. *See* Tex. Gov't Code Ann. § 411.172(a)(3) (West Supp.2004). Loeb requested an administrative hearing

on the decision in a justice court, *id.* § 411.180(a) (West Supp.2004), which found that the Department's denial was not supported by a preponderance of the evidence. The Department then appealed the decision to a county court at law. *Id.* § 411.180(e) (West Supp.2004). In a trial *de novo* without a jury, *see id.*, the court affirmed the justice court's ruling and granted Loeb's application for a concealed handgun license. Pursuant to the Department's request, the trial court also issued findings of fact and conclusions of law.

In one issue, the Department appeals, contending that the trial court erred in finding that because Loeb's set-aside conviction was an "expungement statute by legislative design," it cannot constitute a conviction under the concealed handgun license statute.

## ANALYSIS

 The Department does not challenge the trial court's findings of fact, only its conclusion of law that Loeb's set-aside conviction was an expungement by legislative design. The parties agree that the issue before us is one of statutory construction, a question of law that we review *de novo*. *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex.2002). We must ascertain and give effect to the legislature's intent for the provisions we are construing. Tex. Gov't Code Ann. § 312.005 (West 1998); *Continental Cas. Co. v. Downs*, 81 S.W.3d 803, 805 (Tex. 2002); *Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex.1994); *Boykin v. State*, 818

---

**2.** *See* Act of Sept. 30, 1950, ch. 1115, § 2, 64 Stat. 1087, *amended by* Act of Mar. 15, 1976, Pub.L. 94–233, § 9, 90 Stat. 232 (codified at 18 U.S.C. § 5010) (repealed 1984) (allowing for the imposition of a suspended sentence). A "youth offender" under the YCA meant a person who was under the age of twenty-two at the time of conviction. *See* Act of Sept. 30, 1950, ch. 1115, § 2, 64 Stat. 1086, *amended*

*by* Act of May 15, 1976, Pub.L. 94–233, § 4, 90 Stat. 231 (codified at 18 U.S.C. § 5006(e)) (repealed 1984). The YCA ordinarily was not applied to convicted persons under the age of eighteen, who were eligible for sentencing under the provisions of the Federal Juvenile Delinquency Act. *See* 18 U.S.C.A. §§ 5031– 5042 (West 2000 & Supp.2003).

S.W.2d 782, 785 (Tex.Crim.App.1991) (When interpreting a statute, court "focuses on the literal text of the statute in question and attempt[s] to discern the fair, objective meaning of that text at the time of its enactment."). The legislature's intent should be determined by reading the language used in the particular statute and construing the statute in its entirety. *See In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 380 (Tex.1998); *Taylor v. Firemen's & Policemen's Civil Serv. Comm'n*, 616 S.W.2d 187, 190 (Tex. 1981). Further, we should read every word, phrase, and expression in a statute as if it were deliberately chosen, and presume the words excluded from the statute are done so purposefully. *See Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist.*, 81 S.W.3d 869, 873 (Tex.App.-Austin 2002, pet. denied); *City of Austin v. Quick*, 930 S.W.2d 678, 687 (Tex.App.-Austin 1996) (citing *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981)), *aff'd*, 7 S.W.3d 109 (Tex.1999). We will begin our analysis by emphasizing certain aspects of the language of the statute at issue here.

A person is eligible for a concealed handgun license only if the person has not been convicted of a felony. Tex. Gov't Code Ann. § 411.172(a)(3). Because the term "convicted" is defined in the statute, we are bound to construe that term by its statutory definition only. *Needham*, 82 S.W.3d at 318. As defined in the statute,

> "Convicted" means an adjudication of guilt or an order of deferred adjudication entered against a person by a court of competent jurisdiction whether or not the imposition of the sentence is subsequently probated and the person is discharged from community supervision. The term does not include an adjudica-

tion of guilt or an order of deferred adjudication that has been subsequently:

> (A) expunged; or
>
> (B) pardoned under the authority of a state or federal official.

Tex. Gov't Code Ann. § 411.171(4). Thus, "convicted" means *any* adjudication of guilt or order of deferred adjudication whether or not imposition of sentence is probated and the person is discharged from probation *unless* it is subsequently expunged or is the subject of an official pardon. The parties agree that a federal court adjudicated Loeb guilty of the felony offense of mail fraud, suspended imposition of sentence, placed Loeb on probation, then within its discretion set aside the judgment of conviction before Loeb's probationary period expired.

Both parties also agree that Loeb's adjudication falls within the statutory definition of "conviction," with the disagreement being whether the set aside is equivalent to an expungement. Although no Texas court has addressed the effect of a set-aside felony under the YCA, the Texas Supreme Court has held that the dismissal of proceedings after successful completion of community supervision under Texas law pursuant to article 42.12 of the code of criminal procedure is a conviction as defined in the concealed handgun license statute. *Tune v. Texas Dep't of Pub. Safety*, 23 S.W.3d 358, 363 (Tex.2000). In *Tune*, the supreme court determined that the concealed handgun license statute on its face included such a dismissal in the definition of a conviction because "[n]othing in the statute suggests any exception for those who successfully complete probation and are discharged and who have the indictment dismissed." *Id.*[3]

---

**3.** The supreme court has since reaffirmed this holding. *Texas Dep't of Pub. Safety v. McLen-* *don*, 35 S.W.3d 632, 633 (Tex.2000) (For the purposes of the concealed handgun license

The concealed handgun license statute was enacted in 1995,[4] more than ten years after the YCA was repealed. A statute is presumed to have been enacted by the legislature with complete knowledge of the *existing* law and with reference to it. *McBride v. Clayton*, 140 Tex. 71, 166 S.W.2d 125, 128 (1942). Without an explicit reference in the concealed handgun license statute, a felony that had been set aside under the extinct YCA could not have been within the legislature's contemplation as an exclusion from the definition of "convicted." This legislative intent is further borne out by numerous

other criteria restricting eligibility to obtain a license.[5] The *Tune* court also considered the legislature's intent in its analysis: the "Legislature may wish to keep concealed handguns out of the hands of persons who have been convicted of a felony, even if those persons satisfactorily complete community supervision." *Tune*, 23 S.W.3d at 364.

But an adjudication of guilt or order of deferred adjudication may be excluded from the term "conviction" if it is subsequently "expunged; or pardoned under the authority of a state or federal official."

statute, "an order of deferred adjudication is not voided by a subsequent dismissal of the case upon completion of probation."); *see also Texas Dep't of Pub. Safety v. Randle*, 31 S.W.3d 786, 788 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (plain language of statute includes order of deferred adjudication subsequently dismissed); *Texas Dep't of Pub. Safety v. Biggert*, 27 S.W.3d 182, 184 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (same).

4. Act of May 16, 1995, 74th Leg., R.S., ch. 229, 1995 Tex. Gen. Laws 1998, 1998–2015 (codified at Tex.Rev.Civ. Stat. Ann. art. 29(ee)), *repealed by* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 10.01, 1997 Tex. Gen. Laws 327, 397–411 (recodified at Tex. Gov't Code Ann. §§ 411.171–.208 (since amended)).

5. A person is not eligible for a license unless the person
 (1) is a legal resident of this state for the six-month period preceding the date of application under this subchapter or is otherwise eligible for a license under Section 411.173(a);
 (2) is at least 21 years of age;
 (3) has not been convicted of a felony;
 (4) is not charged with the commission of a Class A or Class B misdemeanor or an offense under Section 42.01, Penal Code, or of a felony under an information or indictment;
 (5) is not a fugitive from justice for a felony or a Class A or Class B misdemeanor;
 (6) is not a chemically dependent person;
 (7) is not incapable of exercising sound judgment with respect to the proper use and storage of a handgun;

 (8) has not, in the five years preceding the date of application, been convicted of a Class A or Class B misdemeanor or an offense under Section 42.01, Penal Code;
 (9) is fully qualified under applicable federal and state law to purchase a handgun;
 (10) has not been finally determined to be delinquent in making a child support payment administered or collected by the attorney general;
 (11) has not been finally determined to be delinquent in the payment of a tax or other money collected by the comptroller, the tax collector of a political subdivision of the state, or any agency or subdivision of the state;
 (12) has not been finally determined to be in default on a loan made under Chapter 57, Education Code;
 (13) is not currently restricted under a court protective order or subject to a restraining order affecting the spousal relationship, other than a restraining order solely affecting property interests;
 (14) has not, in the 10 years preceding the date of application, been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of felony; and
 (15) has not made any material misrepresentation, or failed to disclose any material fact, in an application submitted pursuant to Section 411.174 or in a request for application submitted pursuant to Section 411.175.
Tex. Gov't Code Ann. § 411.172(a) (West Supp.2004).

Tex. Gov't Code Ann. § 411.171(4). Because a set-aside felony still constitutes a conviction under the concealed handgun license statute, Loeb must have had his conviction "expunged" or must have been "pardoned" to qualify for a license. *See id.* (excluding only expunged convictions and pardons from the definition of "convicted"). We proceed to inquire, then, whether the YCA set aside is equivalent to an expungement or a pardon.

▮ Loeb does not argue that he has been pardoned or that the set-aside procedure is equivalent to a pardon. Rather, he urges that his felony conviction was expunged under the YCA. The trial court concluded that the set-aside conviction was equivalent to an expungement. "Expunged" is not defined in the concealed handgun license statute. When construing an unambiguous term in a statute, we generally interpret the statute according to its plain meaning. *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002) (citing *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex.1999)). Nevertheless, "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." Tex. Gov't Code Ann. § 311.011(b) (West 1998); *see Guthery v. Taylor*, 112 S.W.3d 715, 721–22 (Tex.App.-Houston [14th Dist.] 2003, no pet.) ("When the same or a similar term is used in the same connection in different statutes, the term will be given the same meaning in one as in the other, unless there is something to indicate that a different meaning was intended."). Accordingly, we will look to the code of criminal procedure for guidance on the definition of expungement under Texas law.

Were Loeb convicted of an offense in Texas, he would have to be pardoned or acquitted by the Court of Criminal Appeals to qualify for an expungement. *See* Tex.Code Crim. Proc. Ann. art. 55.01(a), (b) (West Supp.2004).[6] But expungement is not automatic. He would then have to file a petition for expunction, after which the court would hold a hearing to determine whether he is entitled to expunction of his records. *Id.* art. 55.02, § 2(a)-(d) (West Supp. 2004). Loeb does not contend that he has followed this procedure. Loeb would not be entitled to expungement of his conviction under Texas law because dismissal from court-ordered community supervision for any offense, other than a class C misdemeanor, does not entitle a petitioner to expunction of criminal records. *Id.* art. 55.01(a)(2)(B); *see Texas Dep't of Pub. Safety v. Wallace*, 63 S.W.3d 805, 807 (Tex.App.-Austin 2001, no pet.).

6. Section 55.01 provides, in pertinent part:
 Art. 55.01. Right to Expunction
 (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
 (1) the person is tried for the offense for which the person was arrested and is:
 (A) acquitted by the trial court, except as provided by Subsection (c) of this section; or
 (B) convicted and subsequently pardoned....
 ....

 (b) Except as provided by Subsection (c) of this section, a district court may expunge all records and files relating to the arrest of a person who has been arrested for commission of a felony or misdemeanor under the procedure established under Article 55.02 of this code if the person is:
 (1) tried for the offense for which the person was arrested;
 (2) convicted of the offense; and
 (3) acquitted by the court of criminal appeals.
 Tex.Code Crim. Proc. Ann. art. 55.01(a), (b) (West Supp.2004).

In addition, an order of expungement under Texas law requires that each entity named in the order:

(1) return all records and files that are subject to the expunction order to the court or, if removal is impracticable, obliterate all portions of the record or file that identify the person who is the subject of the order and notify the court of its action; and

(2) delete from its public records all index references to the records and files that are subject to the expunction order.

Tex.Code Crim. Proc. Ann. art. 55.02, § 5(a) (West Supp.2004). After entry of an expunction order, "the release, dissemination, or use of the expunged records and files for any purpose is prohibited," *id.* art. 55.03(1) (West Supp.2004), unless "the person who is the subject of the expunction order is again arrested for or charged with an offense arising out of the transaction for which the person was arrested." *Id.* art. 55.02, § 4(b) (West Supp.2004).

Under the YCA, the provision allowing for the set aside of a conviction does not expressly address expunction. *See* 18 U.S.C. § 5021(b) (repealed 1984). Courts have struggled to bestow a meaning on the term "set aside,"[7] which the YCA leaves undefined. Several federal circuit courts agree that the *effect* of a set-aside felony is to give a youthful offender a "second chance."[8] But federal circuit courts generally reject a construction of the provision as an expungement statute, holding that a set-aside felony is not equivalent to or does not necessarily result in physical obliteration or segregation of the record of conviction.[9]

Because the YCA does not expressly address "expungement" and the concealed handgun license statute does not allow expungement unless a defendant is acquitted or pardoned, we cannot construe a set-aside felony as an "expungement statute by legislative design." In light of the broad definition of "convicted" in the statute, the declaration in *Tune* that "convicted" includes any adjudication of guilt unless the conviction is subsequently expunged or is the subject of a pardon, and

---

**7.** *See United States v. Arrington,* 618 F.2d 1119, 1124 n. 8 (5th Cir.1980) (declining to determine whether the provision serves to expunge the record and holding that "[f]or the purposes of this appeal, defining expunction to include at least setting aside his conviction is a satisfactory resolution"); *United States v. Purgason,* 565 F.2d 1279, 1280–81 (4th Cir.1977) (finding the set-aside conviction "no longer viable" but determining "it unnecessary to decide whether the statute is one of expunction in the broad sense of that term").

**8.** *See Mines v. National Transp. Safety Bd.,* 862 F.2d 617, 619 (6th Cir.1988) ("second chance" and a "clean slate"); *Arrington,* 618 F.2d at 1124 ("second chance") (citing *Dorszynski v. United States,* 418 U.S. 424, 432–35, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974)); *Doe v. Webster,* 606 F.2d 1226, 1234 (D.C.Cir.1979) ("fresh start").

**9.** *See United States v. Wacker,* 72 F.3d 1453, 1479–80 (10th Cir.1995) (holding that set-aside convictions may be considered at sentencing for another offense); *United States v. Ashburn,* 20 F.3d 1336, 1342–43 (5th Cir. 1994), *reinstated in relevant part by* 38 F.3d 803 (5th Cir.1994) (en banc) (same); *United States v. Gardner,* 860 F.2d 1391, 1399 (7th Cir.1988) (same); *United States v. Doe,* 747 F.2d 1358, 1359 (11th Cir.1984) (holding that YCA does not authorize destruction or segregation of set-aside conviction records); *United States v. Doe,* 732 F.2d 229, 230–32 (1st Cir.1984) (same); *United States v. Doe,* 556 F.2d 391, 393 (6th Cir.1977) (same); *United States v. McMains,* 540 F.2d 387, 389 (8th Cir.1976) (same). *But see United States v. Doe,* 980 F.2d 876, 881–82 (3d Cir.1992) (holding that set-aside provision authorizes expungement); *Webster,* 606 F.2d at 1232–37 (same).

the legislative intent to restrict eligibility for a concealed handgun license to statutorily described categories, we hold that a set-aside felony conviction under the YCA is a conviction for the purposes of the concealed handgun license statute. We sustain the Department's issue, reverse the trial court's decision, and render judgment that Loeb is not eligible to obtain a concealed handgun license.

## CONCLUSION

Because "convicted" as defined in the concealed handgun license statute encompasses Loeb's felony conviction that was set aside under the Federal Youth Corrections Act, we reverse the decision of the trial court and render judgment that Loeb is ineligible to obtain a concealed handgun license.

Dissenting Opinion by Justice B.A. SMITH.

BEA ANN SMITH, Justice, dissenting.

I respectfully dissent from the majority's understanding of the interaction between the Federal Youth Corrections Act (the Act)[1] and the Texas statute licensing concealed handguns. The majority ignores the federal mandate that a conviction of a youthful offender who successfully complies with the terms of the Act is "set aside" for *all purposes* except to enhance punishment in the event of the youth's recidivism. I would affirm the decisions of the county court at law and the justice court and grant Mr. Loeb's application for a concealed handgun license.

## ANALYSIS

A person who has been convicted of a felony is not eligible to obtain a concealed handgun license. Tex. Gov't Code Ann. § 411.172(a)(3) (West Supp.2004). "Convicted" means

> an adjudication of guilt or an order of deferred adjudication entered against a person by a court of competent jurisdiction whether or not the imposition of the sentence is subsequently probated and the person is discharged from community supervision. The term does not include an adjudication of guilt or an order of deferred adjudication that has been subsequently:
>
> (A) expunged; or
>
> (B) pardoned under the authority of a state or federal official.

*Id.* § 411.171(4) (West Supp.2004).

No one disputes that Loeb was convicted of a felony. What we must determine is whether a conviction that has been "set aside" under the Act can deprive the youthful offender of a civil right, such as a license to carry a concealed handgun. I agree with the majority that this is an issue of statutory construction that we review *de novo*. I disagree with the majority that we first construe the definition of expunction under the Texas licensing statute. To rely on a conviction under a federal statute as a bar to obtaining a handgun license, we must first construe the meaning of a "conviction" that has been set aside under that federal Act. In determining a question of federal law, we follow the decisions of higher Texas courts and the United States Supreme Court, but we also look to the decisions of the federal circuit courts as persuasive authority. *See Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex.1993); *Barstow v. State*, 742

---

1. *See* Act of Sept. 30, 1950, ch. 1115, § 2, 64 Stat. 1089; *amended by* Act of Oct. 3, 1961, Pub.L. 87–336, 75 Stat. 750; *amended by* Act of Mar. 15, 1976, Pub.L. 94–233, § 9, 90 Stat. 232 (codified as 18 U.S.C. § 5021) (repealed 1984) (allowing for the "set aside" of a conviction) [hereinafter "18 U.S.C. § 5021"].

S.W.2d 495, 500–01 & n. 2 (Tex.App.-Austin 1987, writ denied).

In construing a federal statute, we look first at the entire statute to determine if the language in question has a "plain and unambiguous meaning" regarding the issue before us. *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002). The inquiry ends if the statutory language is unambiguous and "the statutory scheme is coherent and consistent." *Id.* (quotations omitted). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997) (citing *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 477, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992)). We should adopt the sense of words that best harmonizes with the context and promotes the policy and objectives of the legislature. *See King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 & n. 10, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991).

A motivating factor for the creation of the Act was to avoid recidivism for youths between the ages of sixteen and twenty-two, who were thought to be particularly at risk for becoming habitual offenders. *Dorszynski v. United States*, 418 U.S. 424, 433, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). "The Act was thus designed to provide a better method for treating young offenders convicted in federal courts in that vulnerable age bracket, to rehabilitate them and restore normal behavior patterns." *Id.* A "particularly valuable benefit" for a youth offender placed on probation under the Act was "the prospect of obtaining a certificate setting aside [the] conviction." *Durst v. United States*, 434 U.S. 542, 548, 98 S.Ct. 849, 55 L.Ed.2d 14 (1978). The provision allowing for the set aside of a conviction states:

> Where a youthful offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youthful offender from probation prior to the expiration of the maximum period of probation thereto fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youthful offender a certificate to that effect.

18 U.S.C. § 5021(b) (repealed 1984). Because the statute does not define "set aside," we must give the term its ordinary meaning. *Chapman v. United States*, 500 U.S. 453, 462, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991); *United States v. Doe*, 980 F.2d 876, 878 (3d Cir.1992) (applying this principle of statutory construction to the term "set aside"). We will construe the term to best promote the policy and objectives of the legislature. *See King*, 502 U.S. at 221 & n. 10, 112 S.Ct. 570.

Black's Law Dictionary defines "set aside" as "to annul or vacate." *Black's Law Dictionary* 1376 (7th ed.1999). "Annul" means "the act of nullifying or making void," *id.* at 89; to "vacate" is to "nullify or cancel; make void; invalidate." *Id.* at 1546. Federal circuit interpretations comport with this construction of "set aside." In *United States v. Arrington*, the United States Court of Appeals for the Fifth Circuit observed that "[t]he Act's import is to remove the taint of youthful indiscretions, giving a youthful offender a second chance to live free of the lifelong ignominy of a criminal record." 618 F.2d 1119, 1124 (5th Cir.1980) (citing *Dorszynski*, 418 U.S. at 432–35, 94 S.Ct. 3042), *cert. denied*, 449 U.S. 1086, 101 S.Ct. 876, 66 L.Ed.2d 812 (1981). The court held: "If a youthful offender has been unconditionally discharged, the disabilities of a criminal con-

viction are completely and automatically removed; indeed, the conviction is set aside as if it had never been." *Id.*

Other federal circuit courts have similarly construed the effect of a set aside. *See Mines v. National Transp. Safety Bd.*, 862 F.2d 617, 619 (6th Cir.1988) ("[W]hatever negative inferences are normally drawn as to a person who has been convicted of a crime, those inferences are not to be drawn as to a person whom the sentencing judge has determined would benefit from being given a second chance and a clean slate pursuant to the [Act]."); *Doe v. Webster*, 606 F.2d 1226, 1234 (D.C.Cir.1979) ("While the legislative history offers little guidance as to the reasoning behind the drafters' choice of terminology, it is crystal-clear in one respect: they intended to give youthful ex-offenders a fresh start, free from the stain of a criminal conviction, and an opportunity to clean their slates to afford them a second chance, in terms of both jobs and standing in the community."); *United States v. Purgason*, 565 F.2d 1279, 1280 (4th Cir.1977) ("To us it is clear that a conviction which is set aside by the court is vacated and can have no further operative effect."); *United States v. Fryer*, 545 F.2d 11, 13 (6th Cir.1976) ("In order to allow the Act to fulfill its intended purpose, the statute should be read to give the offender a second chance free from any record of conviction."); *Mestre Morera v. Immigration & Naturalization Serv.*, 462 F.2d 1030, 1032 (1st Cir.1972) (holding that set-aside conviction cannot be used to deport because "the clear purpose for the automatic setting aside of a youthful offender's conviction ... is to relieve him not only of the usual disabilities of a criminal conviction, but also to give him a second chance free of a record tainted by such a conviction"); *Tatum v. United States*, 310 F.2d 854, 856 (D.C.Cir.1962) ("[A] person sentenced under the [Act] can, by vir-

tue of his own good conduct, be spared the lifelong burden of a criminal record.").

The legislative history of the Act also bears out the interpretation that a set aside serves to vacate or annul the conviction. In testimony before a Senate subcommittee, Judge Bolitha J. Laws testified: "Committed youth offenders who earn their final discharges before the end of their maximum term have their records cleared and all their civil rights restored." *Hearings on S. 1114 and S. 2609 Before a Subcomm. of the Senate Comm. on the Judiciary*, 81st Cong., 1st Sess. 14 (1949). He went on to state: "When the Division turns them out ahead of their maximum sentence, this law blots out their sentence and lets them go without any stigma on their life." *Id.* at 19. Another judge testified that "if the youth offender is reclaimed in the opinion of the Board and they decide to release him, they can strike out the sentence imposed upon him and completely set aside his conviction so that he will not have a criminal record staring him in the face." *Id.* at 45 (testimony of Judge John J. Parker). Another judge testified that although in his opinion the set aside "does not entirely remove the difficulty," the Act "does provide for the wiping out of the conviction if the youth is discharged, rehabilitated, and behaves himself after his period of supervision." *Id.* at 70 (testimony of Judge Orie L. Phillips).

A majority of the federal circuits have held, however, that despite the restoration of civil rights and removal of the "stain," "taint," or "prejudicial effects" of the conviction, the Act does not allow for the physical obliteration of the *record* of conviction. Because the purpose of the set aside is to discourage recidivism and encourage rehabilitation with the promise of a fresh start, the youthful offender who later commits another crime relinquishes

that benefit. *United States v. Fosher*, 124 F.3d 52, 58 (1st Cir.1997) ("Although the [Act] was intended to benefit a youthful offender by providing a second chance to start life without the stigma of a criminal conviction, ... it was not meant to allow a recidivist to avoid increased penalties based on earlier criminal convictions."); *Gass v. United States*, 109 F.3d 677, 679–80 (11th Cir.1997) (second chance should not shield recidivists from increased penalties); *United States v. Nicolace*, 90 F.3d 255, 258 (8th Cir.1996) (same); *United States v. Ashburn*, 20 F.3d 1336, 1343 (5th Cir.1994) (same), *reinstated in relevant part by* 38 F.3d 803 (5th Cir.1994) (en banc); *United States v. McDonald*, 991 F.2d 866, 872 (D.C.Cir.1993) (if the offender is a recidivist, the "case for conferring the benefit dissipates").

It is this unique feature of the federal statutory scheme that prevents a "set aside" under the Act from qualifying as an expunction under the majority's analysis: "Thus, under Texas law, expungement means the segregation or destruction of records and deletion of the record from criminal record indexes." Slip op. at 10. The majority relies on a state supreme court decision holding that a conviction set aside under Texas law pursuant to article 42.12 of the code of criminal procedure remains a conviction for purposes of the concealed handgun licensing statute. *Tune v. Texas Dep't of Pub. Safety*, 23 S.W.3d 358, 363 (Tex.2000). Although *Tune* interprets state legislative intent and undoubtedly controls any conviction under a Texas statute, there is a wealth of federal precedent defining a contrary congressional intent underlying the Act. Fred C. Zacharias, *Uses and Abuses of Convictions Set Aside under the Federal Youth Corrections Act*, 1981 Duke L.J. 477, 513 (1981)

("Congress expressly intended that the setting aside of a conviction remove the stain on the offender's record and allow him the full exercise of a citizen's civil rights.").

We are dealing with a federal conviction. The courts of this state should not ignore the congressional intent to completely set aside the conviction of those who commit youthful indiscretions-such as the altered driver's license that Mr. Loeb obtained through the mail. The overwhelming majority of federal opinions interpreting the Act have held that to accomplish Congress's rehabilitative intent, a conviction of a youthful offender must be "set aside as if it had never been,"[2] and is "vacated and can have no further operative effect."[3] Federal courts have held that a set-aside conviction cannot be used to deport an individual: "[T]he clear purpose for the automatic setting aside of a youthful offender's conviction ... is to relieve him not only of the usual disabilities of a criminal conviction, but also to give him a second chance free of a record tainted by such a conviction." *Mestre Morera*, 462 F.2d at 1032. Even the United States Supreme Court, in dicta, has likened the set-aside provision under the Act to an expunction. *See Tuten v. United States*, 460 U.S. 660, 665, 103 S.Ct. 1412, 75 L.Ed.2d 359 (1983) ("Like various state expungement statutes, § 5021 enables an eligible youth offender to reenter society and conduct his life free from the disabilities that accompany a criminal conviction."); *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 117–18, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983) ("[T]he Federal Youth Corrections Act, in which Congress itself provided for expunction in certain circumstances, see 18 U.S.C. § 5021, was enacted as far back as

---

**2.** *United States v. Arrington*, 618 F.2d 1119, 1124 (5th Cir.1980).

**3.** *United States v. Purgason*, 565 F.2d 1279, 1280 (4th Cir.1977).

1950."). The majority chooses to ignore the large body of federal precedent holding that a set-aside conviction under the Act no longer operates as a conviction. Setting aside the conviction operates as an expunction in every circumstance save one: if the youth reoffends.

Here, the concealed handgun license statute states that an "expunged" conviction does not have the effect of a "conviction." Tex. Gov't Code Ann. § 411.172(a)(3)(A). By focusing exclusively on the *definition of expunction* under state law, the majority disregards the fundamental principle that a federal conviction set aside under the Act has "no further operative effect" and is "vacated" as a conviction. The Texas Legislature cannot override the congressional intent to *rehabilitate youthful offenders* by completely nullifying the effect of a conviction that has been set aside under the Act. Under federal law, the set-aside conviction is no longer a conviction; under state law, the expunged conviction is no longer a conviction. If Mr. Loeb had been convicted of a state felony, we would have to determine if his conviction had been expunged. Because his federal conviction was set aside under the Act, we must look to federal law to determine the effect of that set-aside conviction. The overwhelming majority of federal courts of appeals, including our own Fifth Circuit, have held that Mr. Loeb's set-aside conviction was vacated for all purposes, "as if it had never been," except to subject him to increased punishment should he reoffend. *Arrington*, 618 F.2d at 1124.

There is no evidence in this record that Mr. Loeb has forfeited the benefit of the fresh start afforded him under the Act. I would hold that a federal conviction set aside under the Act is not a conviction under the Texas concealed handgun licensing statute and affirm the decisions of the county court at law and the justice court granting Mr. Loeb's application for a license.