COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



PACIFIC EMPLOYERS INSURANCE
CO.,
                           Appellant,

v.

SEVERIANO TORRES,

                            Appellee.

§

§

§

§

§
§

No. 08-05-00086-CV

Appeal from the

County Court at Law No. 7

of El Paso County, Texas

(TC#2003-2730)



O P I N I O N

           This is an appeal from the trial court’s granting of an award of attorney’s fees under
Section 408.221 of the Texas Labor Code


 in favor of Appellee. For the reasons stated
herein, we affirm.
                         I. FACTUAL AND PROCEDURAL BACKGROUND
           Appellant Pacific Employers Insurance Co. filed a petition July 1, 2003 appealing
from a Texas Workers’ Compensation Commission Appeals Panel decision suing the injured
employee and contesting the award. Appellee answered, filing a general denial and claim
for attorney’s fees under Section 408.221 of the Texas Labor Code. On January 19, 2005,
after almost 19 months of litigation, and less than three weeks before trial, Appellant filed
a notice of nonsuit dismissing all claims against Appellee without prejudice. The order
granting the nonsuit was filed on January 24, 2005. Appellee filed a motion for attorney’s
fees and a supplemental motion for attorney’s fees on January 20, and January 21, 2005. On
February 3, 2005, the trial court entered an order awarding attorney’s fees and expenses be
paid to counsel for Appellee in the amount of $15,175 plus interest, with an additional award
of $5,000 for an appeal to this Court and an additional award of $5,000 for an appeal to the
Supreme Court.
           Appellant appeals the award, contending in one issue that the Texas Labor Code does
not provide for an award of attorney’s fees to an employee when a lawsuit filed by an
insurance carrier seeking judicial review of the final decision of a commission appeals panel
is disposed of by nonsuit. Appellant contends that the employee is not a “prevailing party”
as contemplated by the statute and, therefore, is not entitled to an award of attorney’s fees. 
We disagree, and for the reasons stated below, affirm the decision of the trial court.
II. ISSUE ON APPEAL
           In one issue, Appellant challenges the court’s award of attorney’s fees in favor of the
Appellee employee after the filing of a non-suit in the underlying litigation. Appellant
asserts that because a non-suit was filed disposing of the litigation, the employee is not a
prevailing party as contemplated by the statute in the absence of a judicial ruling on the
merits of the claim. We disagree.
III. STANDARD OF REVIEW
           The availability of attorney’s fees under a particular statute is a question of law for
the court. Holland v. Wal-Mart Stores, 1 S.W.3d 91, 94 (Tex. 1999). We therefore review
the issue de novo. El Paso Natural Gas Co. v. Minco Oil & Gas, Inc., 8 S.W.3d 309, 312
(Tex. 1999). Further, because the only issue presented for review is one of statutory
construction, involving purely legal determinations, the proper standard of review is de novo. 
See Tex. Dep’t of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002); Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992); Tex. Dep’t of Pub. Safety v. Loeb, 149 S.W.3d 741, 743
(Tex. App.--Austin 2004, no pet.); Travel Music of San Antonio, Inc. v. Douglas, No.
04-00-00757-CV, 2002 WL 1058527, at *3 (Tex. App.--San Antonio May 29, 2002, pet.
denied).
           As stated previously, statutory construction is a question of law, and we review a trial
court’s interpretation of a statute under a de novo standard of review. Needham, 82 S.W.3d
at 318. When interpreting statutes, our primary objective is to ascertain and give effect to
legislative intent. Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 865
(Tex. 1999); see Tex. Gov’t Code Ann. § 311.023 (Vernon 2005). We look first to the
plain and common meaning of the language of the statute. Fitzgerald, 996 S.W.2d at 865;
see Tex. Gov’t Code Ann. § 311.011 (Vernon 2005). We must read the statute as a whole
and not just isolated portions. Tex. Dep’t. of Transp. v. City of Sunset Valley, 146 S.W.3d
637, 642 (Tex. 2004). If the meaning of the statutory language is unambiguous, we must
interpret it according to its terms, giving meaning to the language consistent with other
provisions in the statute. Id. We read every word as if it were deliberately chosen and
presume that omitted words were excluded purposefully. See Cornyn v. Universe Life Ins.
Co., 988 S.W.2d 376, 379 (Tex. App.--Austin 1999, pet. denied). We also consider the
objective the law seeks to obtain and the consequences of a particular construction. City of
Sunset Valley, 146 S.W.3d at 642. We apply the above principles in construing Section
408.221, and we examine the award in the context of the facts of this particular case. See
Group v. Vicento, 164 S.W.3d 724, 730 (Tex. App.--Houston [14th Dist.] 2005, pet. filed).
           We agree that in ascertaining the legislative intent of this statute, we should liberally
construe these compensation provisions in favor of injured workers. See Kroger Co. v. Keng,
23 S.W.3d 347, 349 (Tex. 2000); see also Cigna Ins. Co. of Texas v. Middleton, 63 S.W.3d
901, 903 (Tex. App.--Eastland 2001, pet. denied).
           Bearing those canons of construction in mind, we hold that there is a basis for the
award of attorney’s fees under this record. The statute authorizes the award to the worker
if the worker prevails in the underlying case being pursued by the insurance carrier. Here,
Pacific Employers Insurance Co. nonsuited its claims on the eve of trial and after
considerable discovery had been undertaken. After all of its claims were nonsuited, the
employee-defendant, here Appellee, is in the same position he would be in if he had
prevailed after a trial on the matter. In fact, he is in the same position that he was prior to the
lawsuit being filed, and during the proceedings. As the prevailing party below, he is
defending against a challenge by the insurance carrier. We recognize that cases involving
a challenge to a workers’ compensation award present a novel situation where each party
may in fact appeal seeking a trial court review of the administrative decision rendered. Here,
we think it significant that Appellee did not appeal or challenge the award below. He was
merely in the position of defending that which had been awarded to him by the commission. 
The reason for the nonsuit is not apparent from the record. We recognize the inequity,
however, of allowing an insurance carrier the option of filing a lawsuit and challenging an
award, requiring an employee to retain an attorney to defend against the challenge, and then
nonsuit the claim with no risk of consequences to the insurance carrier.
           Section 408.221(c) of the Texas Labor Code provides for the recovery of attorney’s
fees by an employee after appeal of the commission’s decision by an insurance carrier
seeking judicial review as follows:
An insurance carrier that seeks judicial review under Subchapter G, Chapter
410, of a final decision of a commission appeals panel regarding
compensability or eligibility for, or the amount of, income or death benefits is
liable for reasonable and necessary attorney’s fees as provided by Subsection
(d) incurred by the claimant as a result of the insurance carrier’s appeal if the
claimant prevails on an issue on which judicial review is sought by the
insurance carrier in accordance with the limitation of issues contained in
Section 410.302. If the carrier appeals multiple issues and the claimant
prevails on some, but not all, of the issues appealed, the court shall apportion
and award fees to the claimant’s attorney only for the issues on which the
claimant prevails. In making that apportionment, the court shall consider the
factors prescribed by Subsection (d).

Tex. Lab. Code Ann. § 408.221(c) (Vernon Supp. 2004-05).

           We are mindful that the legislature contemplated that the insurance carrier be held
responsible for attorney’s fees in the event of and to the extent that the employee is
considered to be a prevailing party. We believe that under the facts of this case, the
employee is a prevailing party for purposes of the statute. We are mindful of the Eastland
Court of Appeals decision in Cigna Ins. Co. of Texas v. Middleton, 63 S.W.3d 901 (Tex.
App.--Eastland 2001, pet. denied) holding that attorney’s fees were not recoverable by a
claimant after a nonsuit was filed in the case. We find it distinguishable, however, on the
facts. In Cigna, both the insurance carrier and the employee appealed and each entered a
nonsuit of their respective cases. We believe that the inequities inherent in the defense of an
award by an employee to a challenge by an insurance carrier was contemplated by the statute,
even recognizing that an employee may recover attorney’s fees when prevailing on only some
of the claims. The situation found in Cigna was consistent with the fact that both parties
challenged the award and each filed a nonsuit, in essence, making both parties prevailing
parties. It was within the court’s discretion to determine the extent of attorney’s fees to be
awarded, if any. Here, the only party challenging the award essentially conceded defeat by
nonsuiting its challenge making the claimant a prevailing party who has prevailed “on an
issue on which judicial review is sought by the insurance carrier . . . .” Tex. Lab. Code Ann.
§ 408.221(c) (Vernon Supp. 2004-05).
           We therefore overrule Appellant’s issue on appeal and affirm the order of the trial
court.
                                                                  RICHARD BARAJAS, Chief Justice
August 25, 2005

Before Barajas, C.J., McClure, and Chew, JJ.