

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00258-CV

TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLANT

V.

JOSEPH TRENT JONES, APPELLEE

On Appeal from the County Court
Childress County, Texas
Trial Court No. 2193, Honorable Rodney Jay Mayden, Presiding

April 1, 2015

OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, the Texas Department of Public Safety (TDPS), appeals the trial court's judgment by which TDPS's denial of Joseph Trent Jones's application for a concealed handgun license was overruled and judgment rendered that Jones was eligible for a concealed handgun license. On appeal, TDPS contends that a 2010 deferred adjudication for a misdemeanor offense rendered Jones ineligible for such a license. Jones responds that the trial court correctly concluded that the 2010 deferred

adjudication was "set aside" by an early release order entered by the convicting court. We will affirm.

## Factual and Procedural History

On August 20, 2010, Jones was placed on deferred adjudication for the misdemeanor offense of deadly conduct in the County Court of Childress County, Texas, trial court cause number 19,811.  On August 10, 2012, by written order, Jones was released early from deferred adjudication, the charges were dismissed, and the order placing Jones on deferred adjudication community supervision was "set aside."

After identifying Jones and outlining generally the terms of his probation, and recognizing that Jones had complied with all the terms of his probation, the trial court's Early Release Order provides as follows:

> The Court is therefore of the opinion that the ends of justice have been served and the interests of the defendant and of society will be best served by discharging the defendant from further probation on this case.

> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Deferred Probation therefore entered against defendant in this case be and the same is hereby set aside, the indictment and/or complaint be dismissed and the defendant is hereby released from all penalties and disabilities resulting from the deferred sentence in this cause.

In April 2013, Jones applied for a concealed handgun license and, by letter dated June 21, 2013, TDPS denied that application on the basis of the 2010 deferred adjudication for deadly conduct, considered by TDPS to be a misdemeanor conviction within the past five years that rendered Jones ineligible for a concealed handgun license until, at least, August 2015.  Jones sought judicial review of that decision in the Justice Court, Precinct 1, of Childress County, which affirmed TDPS's denial of Jones's

2

application. Jones appealed that order to the County Court of Childress County, where, after a trial *de novo*, the trial court found that Jones *was* eligible for a concealed handgun license and that the 2010 deferred adjudication had been "set aside" and, by statute, was no longer considered a conviction for the purposes of eligibility for a concealed handgun license. TDPS has appealed, maintaining that the Early Release Order did not serve to make Jones's deferred adjudication an exception to the definition of "convicted."

Applicable Law and Standard of Review

The outcome of the instant case will turn on the interpretation and application of the Concealed Handgun Act, outlined in the Texas Government Code and governing the application and approval of a concealed handgun license. We will refer to this statutory scheme generally as the Act. Also relevant to the application of the Act's provisions will be provisions from the Texas Code of Criminal Procedure, primarily Article 42.12 and its section governing deferred adjudication.

The Act identifies certain people who are not eligible to receive a concealed handgun license. Among those are people who have been convicted of a misdemeanor within the preceding five years:

> A person is eligible for a license to carry a concealed handgun if the person: has not, in the five years preceding the date of application, been convicted of a Class A or Class B misdemeanor or equivalent offense or of an offense under Section 42.01, Penal Code, or equivalent offense.

TEX. GOV'T CODE ANN. § 411.172(a)(8) (West 2012).

3

Although, generally and in the most technical sense, a deferred adjudication is not considered a conviction in that adjudication has, by definition, been deferred, the Act treats certain deferred adjudications as convictions for the purposes of determining eligibility for a concealed handgun license but excepts others:

> "Convicted" means an adjudication of guilt or, except as provided in Section 411.1711, an order of deferred adjudication entered against a person by a court of competent jurisdiction whether or not the imposition of the sentence is subsequently probated and the person is discharged from community supervision. The term does not include an adjudication of guilt or an order of deferred adjudication that has been subsequently:
>
> (A)     expunged;
>
> (B)     pardoned under the authority of a state or federal official; or
>
> (C)     otherwise vacated, set aside, annulled, invalidated, voided, or sealed under any state or federal law.

*Id.* § 411.171(4) (West Supp. 2014). At issue here will be Subsection C, dealing with a deferred adjudication that has been "otherwise vacated, set aside, annulled, invalidated, voided, or sealed under any state or federal law." *See id.* And the issue before us becomes clear: whether the 2012 Early Release Order served to "set aside" the 2010 deferred adjudication such that the deferred adjudication was no longer considered a conviction for the purposes of the Act.

To fairly address the issue, we must also consider the Texas Code of Criminal Procedure provision that governs the discharge, including early discharge, of a defendant from deferred adjudication:

> On expiration of a community supervision period imposed under Subsection (a), if the judge has not proceeded to adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge him. The judge may dismiss the proceedings and discharge a defendant,

4

other than a defendant charged with an offense requiring the defendant to register as a sex offender under Chapter 62, prior to the expiration of the term of community supervision if in the judge's opinion the best interest of society and the defendant will be served. The judge may not dismiss the proceedings and discharge a defendant charged with an offense requiring the defendant to register under Chapter 62. Except as provided by Section 12.42(g), Penal Code, a dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense. For any defendant who receives a dismissal and discharge under this section:

(1)    upon conviction of a subsequent offense, the fact that the defendant had previously received community supervision with a deferred adjudication of guilt shall be admissible before the court or jury to be considered on the issue of penalty;

(2)    if the defendant is an applicant for a license or is a licensee under Chapter 42, Human Resources Code, the Department of Family and Protective Services may consider the fact that the defendant previously has received community supervision with a deferred adjudication of guilt under this section in issuing, renewing, denying, or revoking a license under that chapter; and

(3)    if the defendant is a person who has applied for registration to provide mental health or medical services for the rehabilitation of sex offenders, the Council on Sex Offender Treatment may consider the fact that the defendant has received community supervision under this section in issuing, renewing, denying, or revoking a license or registration issued by that council.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(c) (West Supp. 2014).[1] On its face, Section 5 of Article 42.12 does not specifically refer to "setting aside" a deferred adjudication order, nor does it incorporate any of the specific words referred to by Subsection C. The issue becomes more focused: whether the early release, dismissal, and discharge of Section 5 serves to "otherwise . . . set aside" Jones's deferred adjudication such that it no longer falls within the definition of "convicted."

---

[1] *See State v. Juvrud*, 187 S.W.3d 492, 496 (Tex. Crim. App. 2006) (recognizing that Section 20 of Article 42.12 applies only to the discharge or reduction of post-conviction community supervision, not to the early termination of deferred adjudication, and that Section 5 controls deferred adjudication community supervision).

Analysis

TDPS maintains that this Early Release Order is of no consequence to the TDPS application of the Act; "it does not amount to a set aside as contemplated by the Act or the Texas Code of Criminal Procedure and it would therefore be contrary to the language of the Act and the legislative intent underlying it to issue the license on this basis." TDPS contends that the authority to "set aside" applies only to adjudications of guilt—not deferred adjudications—and is provided exclusively in Section 20 of Article 42.12 of the Texas Code of Criminal Procedure. In contrast, Section 5 of Article 42.12 governs deferred adjudication, and Section 5 makes no specific provision for "setting aside" when a judge discharges someone from deferred adjudication. We must decide whether Section 5's early "dismissal and discharge" of a deferred adjudication order falls within the adjudications excepted by Section 411.171 as not constituting convictions for the purposes of the Act. Put another way, we must decide whether a Section 5 early "dismissal and discharge" of a deferred adjudication renders the deferred adjudication order "otherwise vacated, set aside, annulled, invalidated, voided, or sealed under any state or federal law." *See* TEX. GOV'T CODE ANN. § 411.171(4)(C).

We begin by considering the Texas Supreme Court's opinion in *Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358 (Tex. 2000). In *Tune*, the Texas Supreme Court specifically addressed the meaning of the term "convicted" under the Act. *See id.* at 360. We note at the outset that the definition of "convicted" addressed in *Tune* was very different than the one at issue now. In 1972, Tune pleaded guilty to felony charges and was sentenced to two years' probation. *See id.* After he completed one year and five months of his probation, the trial court issued an order setting aside his conviction,

dismissing the indictment, and discharging him from probation. *Id.* In 1996, Tune applied for a concealed handgun license but was denied said license because of his felony conviction. *Id.*

The version of Section 411.171 in effect at the time when Tune applied for a concealed handgun license defined "convicted" as follows:

> [A]n adjudication of guilt or an order of deferred adjudication entered against a person by a court of competent jurisdiction whether or not:
>
> (A)     the imposition of the sentence is subsequently probated and the person is discharged from community supervision; or
>
> (B)     the person is pardoned for the offense, unless the pardon is expressly granted for subsequent proof of innocence.

*See* former TEX. REV. CIV. STAT. ANN. art. 4413(29ee), *recodified by* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 10.01(a), 1997 Tex. Gen. Laws 397–98, *amended by* Act of April 23, 1999, 76th Leg., R.S., ch. 62, § 9.01(a), 1999 Tex. Gen. Laws 314. The Act's definition of "convicted" was amended in 1999 to specifically exclude from the definition adjudications or deferred adjudications that had been expunged or pardoned, so the version in effect at the time *Tune* was decided had already altered the language analyzed in *Tune*. Over the intervening years, Section 411.171 would undergo several more amendments consistent with that trend of expanding exceptions to the term "convicted."[2]

---

[2] The definition of "convicted" in Section 411.171(4) was amended in 1999 to delete the language regarding a pardoned offense in Subsection (B) of the version addressed in *Tune* and added that "[t]he term does not include an adjudication of guilt or an order of deferred adjudication that has been subsequently: (a) expunged; or (b) pardoned under the authority of a state or federal official." *See* Act of April 23, 1999, 76th Leg., R.S., ch. 62, § 9.01(a), 1999 Tex. Gen. Laws 314. In 2005, the exception of Section 411.1711 was added. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1084 § 1, 2005 Tex. Gen. Laws 3575. In 2007, the Legislature amended Section 411.171(4) to include subsections defining

Tune relied on the language in the predecessor to Section 20 of Article 42.12, governing the discharge of a defendant who successfully completed probation following a conviction "who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he [has] been convicted or to which he has pleaded guilty except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense." *See Tune*, 23 S.W.3d at 363. His reliance was to no avail, however, in light of the Texas Supreme Court's conclusion that Section 411.171 was clear and unambiguous in its definition of "convicted" "whether or not the imposition of the sentence is subsequently probated and the person is discharged from community supervision."[3] *See id.* Simply put, the definition made it clear that, regardless of a subsequent discharge, a conviction meant the defendant was a "convicted" applicant for the purposes of the Act. *See id.* at 363–64; *see also Tex. Dep't of Pub. Safety v. Loeb*, 149 S.W.3d 741, 744 (Tex. App.—Austin 2004, no pet.) (deciding, under version of definition that excepted from definition those adjudications that had been expunged but did not yet except those that had been set aside, that an adjudication that had been set aside was not the equivalent of an expungement and did not fall within exception to definition and that applicant was, therefore, disqualified under the statute).

_____

"federal judge" and "state judge." *See* Act of May 17, 2007, 80th Leg., R.S., ch. 594, § 8, 2007 Tex. Gen. Laws 1150. In 2009, the definition was again amended to include the entirety of Subsection C, excepting adjudications that are "otherwise vacated, set aside, annulled, invalidated, voided, or sealed under any state or federal law," the language at issue in the instant case. *See* Act of June 1, 2009, 81st Leg., R.S., ch. 1146, § 6.06, 2009 Tex. Gen. Laws 3624.

[3] We recognize that the current version of Section 411.171 includes the "whether or not" clause as well: "whether or not the imposition of the sentence is subsequently probated and the person is discharged from community supervision." We view this clause as inapplicable to the instant case in that, here, unlike in *Tune*, sentence was never imposed and, therefore, could not be "subsequently probated." Likewise, neither party has addressed the clause specifically. That said, we read this "whether or not" clause as contemplating circumstances not before us in the instant case.

The Legislature, added the *Tune* court, was certainly able to provide that general penalties may be lifted when a defendant is discharged but leave in place certain, specific restrictions on those convicted of a felony, noting that, "for obvious reasons, the Legislature may wish to keep concealed handguns out of the hands of persons who have been convicted of a felony, even if those persons satisfactorily complete community supervision." *See Tune*, 23 S.W.3d at 363–64.

In *Tune*, the Texas Supreme Court specifically addressed a conviction that had been "set aside." *See id.* at 360, 363; *see also Loeb*, 149 S.W.3d at 744. So, it would seem that a different result than that in *Tune* may prevail under the definition of "convicted" now in effect, which specifically excepts final convictions that have been, *inter alia*, "set aside." *See* TEX. GOV'T CODE ANN. § 411.171(4)(C).

Still left to decide, however, is whether the current, more expansive exceptions to the definition of "convicted" go so far as to encompass the deferred adjudication in the instant case, governed by Section 5 rather than Section 20 of Article 42.12 of the Texas Code of Criminal Procedure. Now, we must look at the boundaries of this newer, broader set of exceptions to the definition in Section 411.171 of the Texas Government Code. It appears this is the first case to call for such an analysis since the 2009 amendments to Section 411.171, which amended the section to include the entirety of the broadest category of exceptions: Subsection C.

As we have noted, after having been amended at least four times since the definition of "convicted" analyzed in *Tune*, the current definition of "convicted" seems to have included more expansive terms to except certain adjudications and deferred

9

adjudications from within the meaning of "convicted." The exceptions are now categorized into three categories, the third category, outlined in Subsection C, seemingly very general. By its plain language, Subsection C of Section 411.171 now uses rather broad terms to except certain adjudications and deferred adjudications from the definition of "convicted" and seems to contemplate that an order of deferred adjudication may be "set aside": again, "[t]he term ["convicted"] does not include an adjudication of guilt *or an order of deferred adjudication* that has been subsequently . . . otherwise vacated, set aside, annulled, invalidated, voided, or sealed under any state or federal law." 411.171(4)(C) (emphasis added).

Here, the trial court's Early Release Order "set aside" Jones's deferred adjudication, dismissed the charges against Jones, and "released [him] from all penalties and disabilities resulting from the deferred sentence in this cause." Although TDPS maintains that Section 5 of Article 42.12 makes no specific provision for "setting aside" an order of deferred adjudication—Section 5 does not include that specific term—the practical effect of the trial court's Early Release Order serves to "otherwise vacate[], set aside, annul[], invalidate[], [or] void[]" the 2010 order placing Jones on deferred adjudication. We read Subsection C as broad enough to include the trial court's Early Release Order and reject TDPS's narrow construction of that provision. Our reading is consistent with not only the relatively broad list of those rather general types of adjudications excepted, but also because of the Legislature's use of the term "otherwise" which suggests Subsection C is an even broader exception than the list itself would indicate. The applicable definition of "otherwise" used in this sense is "in a different way or manner"; "in different circumstances"; "in other respects." MERRIAM-

WEBSTER'S COLLEGIATE DICTIONARY 879 (11th ed. 2003). In light of the inclusion of "otherwise," we do not read Subsection C to be strictly limited to events or actions specifically falling within the listed descriptors. Further, we add that those listed events or actions in Subsection C are, in and of themselves, rather broad in scope, capable of encompassing a variety of circumstances, including the trial court's Early Release Order at issue. We overrule TDPS's sole point of error.

Conclusion

Having overruled TDPS's sole point of error, we affirm the trial court's judgment. *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice